**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-07-16-R |
| | ) | CIV-16-734-R |
| WILLIE EARL WINDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On June 27, 2016, the Court received a letter from Defendant raising the potential for relief under *Johnson v. United States*, --- U.S. ---, 135 S.Ct. 2551 (2015). Thereafter the Court received a Motion to Appoint Counsel, which the Court granted. (Doc. No. 78). On September 26, 2016, counsel informed the Court that he did not believe Mr. Winder had a viable claim under *Johnson*, as he was not sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), or any career offender provision of the United States Sentencing Guidelines that called into question the residual clause analysis set forth in *Johnson*. The Court granted Defendant an opportunity to file an additional brief, however, Defendant did not avail himself of the opportunity granted.

The only arguable basis for challenging Defendant's sentence under Johnson is that the base level offense applied to his conviction on Count 4, felon in possession of a firearm, was elevated because of Defendant's prior convictions for "crimes of violence." The presentence investigation report assigned level 20 pursuant to USSG § 2K2.1, because the instant offense was subsequent to sustaining one conviction for a crime of violence, a

conviction for theft of a motor vehicle by use of a firearm and use of a firearm to commit a crime of violence. Department of Corrections. No. 71, ¶ 23. Any such claim necessarily fails, however, because the Supreme Court recently concluded that the advisory Sentencing Guidelines are not subject to due process vagueness challenge. *Beckles v. United States*, --- S.Ct ---, 2017 WL 855781 (2017). Therefore, to the extent Defendant's prior crime of violence was used to enhance his sentence for Count 4, his claim would fail. This was the only count of conviction subject to enhancement as a result of Mr. Winder's prior conviction for a crime of violence. Accordingly, because Defendant's sentences herein were not subject to enhancement pursuant to the Armed Career Criminal Act, the 2015 Supreme Court decision in *Johnson* offers him no basis for relief. As such, Mr. Winder's § 2255 Motion (Doc. No. 70) is DENIED.

IT IS SO ORDERED this 16th day of March 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE